IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| HEATHER SEXTON, * | |
| Plaintiff, * | |
| vs. * | CASE NO. 3:10-CV-10 (CDL) |
| K.B. PARKER & ASSOCIATES, INC.; * SELECTIVE HR SOLUTIONS, INC.; and KENNETH B. PARKER, an * individual, * | |
| Defendants. | |

O R D E R

This action arises from the termination of Plaintiff's employment and the alleged failure of her employer to provide her with pregnancy leave pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654. Presently pending before the Court are Defendant Selective HR Solutions, Inc.'s Motion to Dismiss (Doc. 6) and Defendants K.B. Parker & Associates, Inc. and Kenneth B. Parker's Motion to Dismiss (Doc. 7). For the following reasons, these motions are denied.

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and any documents referred to in the complaint which are central to the claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir.

2009).  Defendants have submitted matters outside of the pleadings which the Court has not considered in ruling upon the motions to dismiss.  Those matters will be fully considered at the appropriate time, specifically in conjunction with any future motion for summary judgment, after the parties have had an opportunity to engage in discovery.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do[.]"  *Id.*  Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

The Court has reviewed Plaintiff's Amended Complaint and finds that Plaintiff has alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Accordingly, Defendant Selective HR Solutions, Inc.'s Motion to Dismiss (Doc. 6) and Defendants K.B. Parker & Associates, Inc. and Kenneth B. Parker's Motion to Dismiss (Doc. 7) are denied. The arguments made by Defendants in support of their motions to dismiss are more appropriate for a summary judgment motion. Defendants will have the opportunity to raise them again after the completion of discovery.

The stay that was previously entered in this case is hereby lifted, and the parties are ordered to comply with the Court's March 9, 2010 Rules 16 and 26 Order by presenting a proposed scheduling order to the Court by May 11, 2010.

IT IS SO ORDERED, this 20th day of April, 2010.

                                        S/Clay D. Land
                                            CLAY D. LAND
                            UNITED STATES DISTRICT JUDGE